Franklin D. Shepard v. Commissioner.
Shepard v. Commissioner
Docket No. 2888-69 SC.
United States Tax Court
T.C. Memo 1969-285; 1969 Tax Ct. Memo LEXIS 11; 28 T.C.M. (CCH) 1479; T.C.M. (RIA) 69285; December 23, 1969. Filed Franklin D. Shepard, pro se, 505 Harralson Ave., Gadsde n, Ala. Robert D. Hoffman, for the respondent. 1480 QUEALY
Memorandum Findings of Fact and Opinion QUEALY, Judge: Respondent determined deficiencies in income tax for the taxable years 1966 and 1967 in the amounts of $508.08 and $486.76, respectively. The issues presented are whether the petitioner is entitled to deductions under section 215, I.R.C. 1954, for payments made to his ex-wife in those years and whether he was the head of a household as defined in section 1(b)(2) during 1966. Findings of Fact Petitioner, a resident of Gadsden, Alabama, filed his Federal income tax returns for the calendar years 1966 and 1967 with the district director of internal revenue at Birmingham. In each of the years in question he deducted *12 $2,600 as alimony and in 1966 claimed the status of head of a household. The payments made to petitioner's ex-wife in 1966 were for court ordered support of petitioner's minor children. During 1966 petitioner's children lived either with his exwife or his father-in-law. Opinion Petitioner did not qualify as head of household during 1966 and did not make any payments to his ex-wife which would be deductible as alimony either in 1966 or 1967. At the hearing the petitioner agreed that the payments to his former wife were made on account of support of his minor children and therefore do not qualify as alimony payments under section 215. Section 1(b)(2)(A), in relevant part, provides that an individual shall be considered a head of household only if he maintains as his home a household which constitutes for such taxable year the principal place of abode, as a member of such household, of a son or daughter of the taxpayer. Petitioner also acknowledged that he did not maintain a household which constituted the principal place of abode for his children. Decision will be entered for the respondent.